IN THE DISTRICT COURT IN AND FOR THE MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

CASE NO.
5:12-cv-407-Oc-10PRL

FILED
2012 JUL 20 AM 11:45
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

DIANE GUYER,

Plaintiff,

v.

CAVALRY SPV I, LLC, CAVALRY PORTFOLIO SERVICES, LLC, and VISION FINANCIAL CORP.,

Defendants. /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4. Plaintiff, Diane Guyer ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Marion, and City of Summerfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry SPV I, LLC ("SPV"), is a limited liability company who acquires debt in default merely for collection purposes, and who at all relevant times was

engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a limited liability company who at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. In the alternative, CPS acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant, Vision Financial Corp. ("Vision"), is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. SPV, CPS, and Vision (collectively "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due an original creditor other than Defendants.

12. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14. The alleged obligation arose from a personal credit card.

15.     CPS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.     Vision uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17.     SPV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

18.     SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

19.     SPV is thoroughly enmeshed in CPS's debt collection business, and is a significant participant in CPS's debt collection process.

20.     SPV is thoroughly enmeshed in Vision's debt collection business, and is a significant participant in Vision's debt collection process.

21.     In the alternative, CPS purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

22.     In the alternative, CPS acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

23.     CPS is thoroughly enmeshed in Vision's debt collection business, and CPS is a significant participant in Vision's debt collection process.

24.     In connection with the collection of an alleged debt in default, CPS, itself and on behalf of SPV, sent Plaintiff initial written communication dated January 11, 2012, regarding a

Bank of America/FIA Card Services, N.A. account ("the Account"). *See* Correspondence, attached hereto as Exhibit "A."

25. In its January 11, 2012 communication, CPS stated in relevant part as follows:

> "RE: Original Institution: Bank of America/FIA Card Services, N.A.
> Original Account No.: ************1871
> Calvary Account No.: ****6996
> Outstanding Balance: $43,754.75
>
> Dear DIANE E GUYER:
> This letter serves as notice that the above-referenced account has been purchased by Cavalry SPV I, LLC, and referred to Cavalry Portfolio Services, LLC ("Cavalry") for servicing."

(Exhibit "A") (emphasis added).

26. CPS's January 11, 2012 communication failed to inform Plaintiff that the alleged debt related to the Account would accrue interest.

27. Upon information and good-faith belief, at all times relevant, the alleged debt related to the Account was subject to the accrual of interest.

28. Thus, CPS's January 11, 2012 communication failed to meaningfully convey to Plaintiff the disclosure required pursuant to 15 U.S.C. § 1692g(a)(1).

29. In connection with the collection of an alleged debt in default, Vision, itself and on behalf of CPS, sent Plaintiff initial written communication dated April 6, 2012, regarding the Account. *See* Correspondence, attached hereto as Exhibit "B."

30. In its April 6, 2012 communication, Vision stated in relevant part as follows:

> **Cavalry Portfolio Services**
> **Balance:** $45,238.79
> **Settlement:** $28,048.05
> **Account#:** ****6996
> **Pin#:** ******1451
>
> Dear DIANE E GUYER:

> Our client, Cavalry Portfolio Services, has purchased your account and all rights to the debt receivable from Bank of America/FIA Card Services, N.A.. There is an outstanding balance due of $45,238.79 which has been listed for collection with Vision Financial Corp.

(Exhibit "B") (emphasis added).

31. Vision's April 6, 2012 initial communication failed to inform Plaintiff that the alleged debt related to the Account would accrue interest.

32. Upon information and good-faith belief, at all times relevant, the alleged debt related to the Account was subject to the accrual of interest.

33. Thus, Vision's April 6, 2012 communication failed to meaningfully convey the disclosure required pursuant to 15 U.S.C. § 1692g(a)(1).

34. CPS's January 11, 2012 communication would lead the Least Sophisticated Consumer to believe that "Cavalry SPV I, LLC" was the current creditor of the alleged debt.

35. However, Vision's April 6, 2012 communication would lead the Least Sophisticated Consumer to believe that "Cavalry Portfolio Services" was the current creditor of the alleged debt.

36. If "Cavalry SPV I, LLC" was the current creditor of the alleged debt, Vision failed to meaningfully convey to Plaintiff the creditor to whom the debt was owed as required by 15 U.S.C. § 1692g(a)(2).

37. In the alternative, if "Cavalry Portfolio Services" was the current creditor of the alleged debt, CPS failed to meaningfully convey to Plaintiff the creditor to whom the debt was owed as required by 15 U.S.C. § 1692g(a)(2).

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**DEFENDANT SPV**

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. CPS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

40. Vision violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

41. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS and Vision, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**DEFENDANT CPS**

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. CPS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

44. Vision violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

45. CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**DEFENDANT VISION**

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. Vision violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT SPV**

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. CPS violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to, misrepresenting the character or amount of the debt and misrepresenting the current creditor.

50. Vision violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to, misrepresenting the character or amount of the debt and misrepresenting the current creditor.

51. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS and Vision, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT CPS**

52. Plaintiff repeats and re-alleges each and every allegation contained above.

53. CPS violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to, misrepresenting the character or amount of the debt and misrepresenting the current creditor.

54. Vision violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to, misrepresenting the character or amount of the debt and misrepresenting the current creditor.

55. CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**DEFENDANT VISION**

56. Plaintiff repeats and re-alleges each and every allegation contained above.

57. Vision violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to, misrepresenting the character or amount of the debt and misrepresenting the current creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**DEFENDANT SPV**

58. Plaintiff repeats and re-alleges each and every allegation contained above.

59. CPS violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its January 11, 2012 initial correspondence or within five (5) days thereof.

60. Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its April 6, 2012 initial correspondence or within five (5) days thereof.

61. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS and Vision, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**DEFENDANT CPS**

62. Plaintiff repeats and re-alleges each and every allegation contained above.

63. CPS violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its January 11, 2012 initial correspondence or within five (5) days thereof.

64. Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its April 6, 2012 initial correspondence or within five (5) days thereof.

65. CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**DEFENDANT VISION**

66. Plaintiff repeats and re-alleges each and every allegation contained above.

67. Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its April 6, 2012 initial correspondence or within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**
**DEFENDANT SPV**

68. Plaintiff repeats and re-alleges each and every allegation contained above.

69. CPS violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the name of the creditor to whom the debt is owed in its January 11, 2012 initial correspondence or within five (5) days thereof.

70. In the alternative, Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the name of the creditor to whom the debt is owed in its April 6, 2012 initial correspondence or within five (5) days thereof.

71. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS and Vision, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**
**DEFENDANT CPS**

72. Plaintiff repeats and re-alleges each and every allegation contained above.

73. CPS violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the name of the creditor to whom the debt is owed in its January 11, 2012 initial correspondence or within five (5) days thereof.

74. In the alternative, Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the name of the creditor to whom the debt is owed in its April 6, 2012 initial correspondence or within five (5) days thereof.

75. CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XII**
**ALTERNATIVE VIOLATION OF 15 U.S.C. § 1692g(a)(2)**
**DEFENDANT VISION**

76. Plaintiff repeats and re-alleges each and every allegation contained above.

77. In the alternative, Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the name of the creditor to whom the debt is owed in its April 6, 2012 initial correspondence or within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

78. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 12th day of July, 2012.

Respectfully submitted,
**DIANE GUYER**

By: s/ Alex D. Weisberg

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

# Exhibit "A"

PO Box 1017
Hawthorne, NY 10532

0720

Cavalry
Portfolio Services, LLC
Phone: 1-800-501-0909 • FAX: 1-914-347-1973
www.cavalryportfolioservices.com

January 11, 2012

RE: Original Institution: Bank of America/FIA Card Services, N.A.
Original Account No.: 1871
Cavalry Account No.: 6996
Outstanding Balance: $43,754.75

DIANE E GUYER
11001 SE SUNSET HARBOR RD
APT 24
SUMMERFIELD, FL 34491-7682

Dear DIANE E GUYER:

This letter serves as notice that the above-referenced account has been purchased by Cavalry SPV I, LLC and referred to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Unless you notify this office within thirty (30) days after the receipt of this letter that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

If you notify this office in writing thirty (30) days after receipt of this letter that you dispute all or a portion of the debt, this office will obtain verification of the debt or a copy of the judgment and mail you a copy of such judgment or verification.

If you request, in writing, within thirty (30) days of receiving this notice, Cavalry will provide you with the name and address of the original creditor.

If you have any questions you may speak to a customer service representative by calling us toll free at (800) 501-0909.

Sincerely,

Cavalry Portfolio Services, LLC

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS

Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 80 Garden Center, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 9522 E. 47th Place, Suite H, Tulsa, Oklahoma 74145; and (d) 408 St. Peter Street, St. Paul, Minnesota 55102.

**Privacy Notice**

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION

We collect Private Information about you from the following sources:

- ❑ Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- ❑ Information about your transactions with us or others, such as your account balance and payment history.
- ❑ Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION

We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o Credit bureaus
- o The original creditor and entities that have had an ownership interest in your account
- o Entities that provide mailing services on our behalf
- o Entities that provide collection-related services on our behalf
- o Others, such as third parties, when you direct us to share information about you
- o Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION

We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION

We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am to 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.**

# Exhibit "B"

PO BOX 460260
St. Louis, MO 63146-7260

0483

A National Debt Collection Agency
VISION FINANCIAL COLLECTION SERVICES CORP

877-342-0437



April 6, 2012

DIANE E GUYER
APT 24
11001 SE SUNSET HARBOR RD
SUMMERFIELD, FL 34491-7682

Cavalry Portfolio Services
Balance: $45,238.79
Settlement: $28,048.05
Account#: 6996
Pin#: 1451

Dear DIANE E GUYER:

Our client, Cavalry Portfolio Services, has purchased your account and all rights to the debt receivable from Bank of America/FIA Card Services, N.A.. There is an outstanding balance due of $45,238.79 which has been listed for collection with Vision Financial Corp.

Our client, Cavalry Portfolio Services, has authorized Vision Financial Corp. to communicate to you a special offer that will allow you to resolve this outstanding debt at this time.

Cavalry Portfolio Services will accept $28,048.05 as payment, and full resolution of this debt. You may take advantage of this special offer by contacting us at 877-342-0437. Once credit card or check payment by phone is taken, processed and applied to the account, the account will be considered settled in full. You will be released from any further financial liability concerning repayment of this account.

You may also pay the above special offer amount online at www.paybalance.com and your account will be properly credited.

Sincerely,

Marie Pane
Collection Department

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose. All calls are recorded and monitored for quality assurance.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will; obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

-SEE REVERSE SIDE FOR IMPORTANT STATE AND FEDERAL INFORMATION-

▲ PLEASE DETACH HERE AND RETURN BOTTOM STUB WITH PAYMENT IN ENCLOSED ENVELOPE ▲

DIANE E GUYER
APT 24
11001 SE SUNSET HARBOR RD
SUMMERFIELD, FL 34491-7682

Cavalry Portfolio Services
Balance: $45,238.79
Settlement: $28,048.05
Account#: 6996
Pin#: 1451

IF PAYING BY VISA, MASTERCARD OR AMERICAN EXPRESS FILL OUT BELOW

| ☐ VISA | ☐ MASTERCARD | ☐ AMER EXP |
|---|---|---|
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD |

ALL CREDIT CARD PAYMETS MUST INCLUDE CVV
*CVV = 3 DIGIT SECURITY CODE SIGNATURE AREA ON BACK OF CREDIT CARD

Please Remit Payment To:

VISION FINANCIAL COLLECTION SERVICES CORP
PO BOX 460260
St. Louis, MO 63146-7260
877-342-0437





VFC369
Vision.wfd
109658

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca
Ruth Schirmer • Colorado Manager, Inc.
80 Garden Center, Suite 3 • Broomfield, CO 80020 • Office(303) 920-4763 • Fax (303) 920-4767

**MASSACHUSETTS:** ADDRESS: 11960 WESTLINE INDUSTRIAL DRIVE, SUITE 330, ST. LOUIS MO 63146. OFFICE HOURS: MONDAY-THURSDAY: 9AM – 10PM EST, FRIDAY: 9AM – 5PM EST, SATURDAY: 9AM – 1PM EST. NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN REQUEST OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST IN WRITING TO THE DEBT COLLECTOR.

**MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**NEW YORK:** New York City Department of Consumer Affairs Number 1179146.

**NORTH CAROLINA:** North Carolina Permit Number 4011.

**TENNESSEE:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**UTAH:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**WASHINGTON:** 11960 Westline Industrial Drive Suite 330, Maryland Height, MO 63146 — Business ID: 602-420-043 Location 3

6774 Troy Drive, Rockford IL 61107 — Business ID: 602-420-043 Location 2

**WISCONSIN:** This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison Wisconsin, 53707

Your check is welcome. by sending us your check, you are accepting our check acceptance policy. It is our company policy that upon receipt, your check may be converted into an electronic debit and processed through the Automated Clearing House under Federal Reserve rules. Receipt of your check by us will be your authorization for us to debit your account electronically, which will likely be posted to your account the following day. If you do not wish to have your check converted, please contact us at 1866-591-0300 or provide another form of payment, i.e. cash or a credit card. In the unlikely event your check is returned unpaid, you also understand and agree that your check may be electronically re-deposited up to two more times or if necessary re-deposited by paper draft. You also understand and agree that we may collect a return check processing charge by the same means, in an amount not to exceed that as permitted by state law.